# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>HERMAN J.B. QUIDACHAY,<br>Defendant. | CRIMINAL CASE NO. 13-00038<br><br>**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER<br>18 U.S.C. § 3582(c)(1)(A)** |

Before the Court is Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF 166. For the reasons stated on the record at the September 29, 2020 hearing, and summarized below, the Court **GRANTS** the motion.

## I. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),

> [t]he court may not modify a term of imprisonment once it has been imposed except that … in any case … the court, … upon motion of the defendant…, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission's policy statement on reductions of imprisonment terms permits such reductions if, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that (1) "extraordinary and compelling reasons warrant the reduction"; and (2) "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G.

1

§ 1B1.13. Assuming the second requirement is met, the commentary to this section notes that extraordinary and compelling reasons exist when certain criteria are met with respect to the Defendant's medical condition, age, or family circumstances. U.S.S.G. § 1B1.13, Application Note 1(A)-(C). The requirement is also met when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, Application Note 1(D). Accordingly, it is clear that extraordinary and compelling reasons are not limited to those examples listed in Applicate Note 1(A)-(C).

## II. DISCUSSION

Although the Court has considered the entirety of the circumstances here in reaching its decision—and will not attempt to set forth an exhaustive list of the considerations supporting a finding of extraordinary and compelling reasons to reduce Defendant's sentence—the Court will briefly discuss one factor that particularly stood out to the Court in reviewing the parties' submissions.

Defendant is an inmate at FCI Danbury. ECF 188 Ex. 15 ("Breece Decl.") ¶¶ 1-2. On April 3, 2020, Attorney General Barr identified FCI Danbury as one of three facilities experiencing "significant levels of infection" from COVID-19 and directed the BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at … FCI Danbury." ECF 174-1 Ex. 2 at 1. On April 27, 2020, a class action lawsuit was filed on behalf of the inmates at FCI Danbury, alleging that officials at FCI Danbury were violating inmates' Eighth Amendment rights by failing to adequately protect them from dangers posed by COVID-19. *Martinez-Brooks et al. v. Easter et al.*, Case No. 3:20-cv-569 (D. Conn.), ECF 1.

Although Defendant had previously been considered and found ineligible for home confinement, Breece Decl. ¶¶ 5-6, 10, the BOP re-reviewed Defendant for home confinement in August 2020 based on developments in the *Martinez-Brooks* case, Breece Decl. ¶ 11. Although Defendant was initially found ineligible again because the probation office had not approved his release residence, the BOP later received notice that there had been a chance and the probation

2

Case 1:13-cr-00038   Document 190   Filed 09/29/20   Page 2 of 4

office *had* approved the residence. Breece Decl. ¶ 12. However, despite the fact that Defendant was apparently otherwise qualified for home confinement, the BOP ultimately re-denied his application because "the BOP does not have a contract with a [mental health] provider in Guam where Quidichay can participate in a mental health treatment program as ordered by his sentencing court."[1] Breece Decl. ¶¶ 14-15.

However, as discussed at the hearing, there appears to be no dispute that Defendant would receive appropriate mental healthcare—from his previous provider—while on home confinement in Guam; it simply would not be a service provided by the BOP. Notwithstanding the fact that Defendant is able to obtain appropriate mental health services through alternative means, the BOP continues to assert that the lack of a provider contracted by the BOP renders Defendant ineligible for home confinement, because the "BOP is legally obligated to provide inmates with required services during their time on home confinement, [and so] it is not possible for Quidachay to waive liability and retain his own provider." Breece Decl. ¶ 14.

In short, although it appears to be undisputed that Defendant was otherwise eligible for transfer to home confinement except for concerns regarding the provision of appropriate mental healthcare, and although it appears to be undisputed that Defendant will be able to obtain appropriate mental healthcare while on home confinement, Defendant's request for transfer to home confinement has been denied because it would pose a liability risk for the BOP.

The Court finds it extraordinarily unfair that Defendant should be forced to remain in a situation that puts him at heightened risk of contracting COVID-19 when he is otherwise suitable for home confinement, simply due to the BOP's lack of any contracted mental health treatment provider here on Guam. The manifest injustice resulting from this situation, and the BOP's inability to provide appropriate healthcare under the home confinement conditions Defendant would otherwise qualify for—when considered in conjunction with all of the other factors raised

---

[1] The Court notes that its previous commitment order did not mandate Defendant's participation in a mental health treatment program while in BOP custody. Rather, the requirement was included as a condition of Defendant's supervised release upon release from BOP custody.

in Defendants' motion—constitutes an extraordinary and compelling reason warranting a reduction in Defendant's sentence and a transfer to home confinement.

### III. CONCLUSION AND ORDER

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court finds that extraordinary and compelling reasons warrant a reduction in Defendant's sentence. Defendant's motion is accordingly **GRANTED**.

Defendant's previously imposed sentence of imprisonment is reduced to time served. Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant is ordered to serve a "special term" of supervised release of 36 months. Defendants' previously imposed conditions of supervised release shall apply to this special term of supervision. Additionally, the following condition shall also apply:

> You must serve 36 months of home detention under the location monitoring program and abide by all the requirements of the program, which will include electronic monitoring or other location verification system. You shall pay all or part of the costs of the program based upon your ability to pay as determined by the U.S. Probation Office.

There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements are made and it is safe for Defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

**SO ORDERED.** /s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Sep 29, 2020